# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:    Agency(ies) Charge No(s):<br>☐ FEPA<br>☒ EEOC    511-2017-02783 |
|---|---|

Received SEP 05 2017 Tampa Field Office

Florida Commission On Human Relations     and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Gisele M. Dunn | Home Phone (Incl. Area Code)<br>(352) 797-2461 | Date of Birth<br>1981 |
|---|---|---|

Street Address: 604 Erin Way, Brooksville, FL 34601

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>HERNANDO COUNTY SHERIFF OFFICE | No. Employees, Members<br>500 or More | Phone No.<br>(352) 754-6830 |
|---|---|---|

Street Address: 18900 Cortez Blvd, Brooksville, FL 34601

DISCRIMINATION BASED ON:
☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest:    Latest: 06-20-2017
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am a female who filed a sex discrimination lawsuit in federal court that settled in 2011. In May 2003, I began my employment in the position of Deputy Sheriff. In September 2016, I was involved in a fatal shooting in the role of Patrol Sergeant with two male deputies. In October or November 2016, Florida Department of Law Enforcement found no fault in the fatal shooting and no criminal charges were filed against me or the two male deputies on the scene. In December 2016, Florida State Attorney's office stated the matter was suicide by cop and the law with respect to self-defense is clear in this regard and no further action will be taken by the State Attorney's office. Also, Internal Affairs investigated which led to my discharge for violation for use of control, discretion of sworn personnel, supervisor responsibility, and protected custody unlike other male counterparts in supervisory or non-supervisory roles.

II. On June 2, 2017, Lt. Kenneth Hayden at the direction of Colonel Michael H. Maurer, Chief Deputy, notified me of the agency's intention to discharge me. The letter states it was pursuant to General Order 3065.00-Disicplinary Procedures. On June 20, 2017, Sheriff Al Nienhuis sent a letter stated discharged from my position as Sergeant/Deputy Sheriff with the Hernando County Sheriff's office for actions that occurred on September 15, 2016 in violation of agency policy in direct conflict with the high standards of the Hernando County Sheriff's office.

III. I believe I have been discriminated against because of my sex, female, and retaliated against for filing a lawsuit regarding sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br>Sep 05, 2017    Date    *[signature]* Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.