UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GISELE DUNN,

    Plaintiff,

v.                                              Case No. 8:20-cv-829-SDM-AEP

ALVIN NIENHUIS, as Sheriff of
Hernando County, Florida,

    Defendant.
_____/

**<u>ORDER</u>**

    Plaintiff initiated this action, asserting claims against Defendant for sex discrimination (Doc. 1). The District Judge entered summary judgment in favor of Defendant and against Plaintiff (Doc. 93), with judgment subsequently entered (Doc. 94). By the instant motion, Defendant, as the prevailing party, seeks an award of costs (Doc. 95). *See* Fed. R. Civ. P. 54(d). Specifically, Defendant seeks costs in the amount of $5,589.30, which includes costs (1) for the fees of the court reporter for all or any part of the transcript necessarily obtained for use in this case in the amount of $3,596.40; (2) for exemplification and copies of papers necessarily obtained for use in this case in the amount of $1,242.90; and (3) for Court-ordered mediation in the amount of $750 (Doc. 95-1). Although the motion indicates that Plaintiff opposes the requested relief (Doc. 95, at 9), Plaintiff failed to submit a response in opposition, and the time for doing so lapsed. Accordingly, the motion

is considered unopposed.  M.D. Fla. R. 3.01(c).  Despite the lack of opposition, the motion (Doc. 95) is granted in part and denied in part.

Namely, under 28 U.S.C. § 1920, the following costs may be taxed by a judge or clerk of any federal district court:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).   Defendant first requests costs associated with the court reporter and deposition transcripts (Doc. 95-1, at 4-9), which are authorized under 28 U.S.C. § 1920(2).  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  The determination whether the costs for a deposition are taxable turns on the question of whether the deposition was wholly or partially necessarily obtained for use in the case.  *Id.* at 620-21.  For example, where a party submits a deposition in support of a summary judgment motion, a court may tax the costs associated with such deposition.  *Id.* at 621.  Here, all six deposition transcripts were relied upon or addressed in support of the Motion for Summary Judgment and subsequent reply

(Doc. 33 & 90). Accordingly, Defendant is awarded costs in the amount of $3,596.40 for deposition transcript costs.

Defendant next seeks an award of costs for exemplification and copies of papers necessarily obtained for use in this case in the amount of $1,242.90, which includes 3,156 color copies at the rate of $0.25 per page ($789) and 4,539 non-color photocopies at the rate of $0.10 per page ($453.90). Defendant contends that he does not seek to recover costs for copies made for the convenience of himself or his counsel. Rather, Defendant seeks reimbursement for exemplification and copying costs for copies attributable to pleadings, discovery, written correspondence between the parties, documents either tendered or requested by Plaintiff or the Court, copies of exhibits filed in support of the Motion for Summary Judgment and other filings, and other documents prepared for the Court's consideration. Defendant's counsel affirms that the requested costs for copying and printing were necessarily incurred to effectively litigate this matter (Doc. 95, at 8). As with depositions, a court evaluating copying costs "'should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.'" *Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 813 (11th Cir. 2014)[2] (quoting *W&O, Inc.*, 213 F.3d at 623). A court may award costs for copies attributable to discovery and for the preparation of trial under 28 U.S.C. § 1920(4). *Beach-Mathura*, 571 F. App'x at 813 (citation omitted); *Procaps v. Patheon*

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

*Inc.*, CASE NO. 12-24356-CIV-GOODMAN, 2016 WL 411017, at \*6 (S.D. Fla. Feb. 2, 2016). "Likewise, costs of copies of pleadings, correspondence, documents tendered to the opposing party and documents prepared for the court's consideration are recoverable." *Procaps*, 2016 WL 411017, at \*6 (citations omitted). As the copies obtained by Defendant were necessary to the proceedings, including courtesy copies provided to the Court of the voluminous filings in support of the Motion for Summary Judgment, such costs are warranted. Defendant therefore is awarded costs in the amount of $1,242.90 for exemplification and copies.

Finally, Defendant requests $750 for costs related to a court-ordered mediation. Defendant argues that the Court should permit recovery of these mediation expenses because the mediation resulted from a Court order.[3] Notwithstanding Defendant's argument to the contrary, mediation expenses are not recoverable under 28 U.S.C. § 1920. *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008). As a result, court-ordered mediation expenses typically "are not awarded in the Eleventh Circuit as they fall outside the parameters of 28 U.S.C. § 1920." *Rodriguez v. Super Shine & Detailing, Inc.*, No. 09-23051-CIV, 2012 WL 2119865, at \*11 (S.D. Fla. June 11, 2012) (citing *Gary Brown & Assocs., Inc.*, 268 F. App'x at 845-46). "Moreover, even if taxable as a matter of discretion, a court generally does not tax mediation expenses, because those expenses should

---

[3] In doing so, Defendant relies upon an opinion from the Western District of Michigan, *Vine v. County of Ingham*, 884 F. Supp. 1153 (W.D. Mich. 1995), for the proposition that a prevailing party should be awarded the costs of court-ordered mediation because it is appropriate that fees incurred pursuant to a court order be recovered. Review of the opinion reveals that the Western District of Michigan made no such finding.

be shared equally by the parties to promote good faith mediation without financial concerns for the costs of resolving a case." *Rivera Santiago v. Wm. G. Roe & Sons, Inc.*, No. 8:07-cv-1786-T-27MAP, 2010 WL 2985695, at *2 (M.D. Fla. July 28, 2010). Here, the parties should equally bear the expense of mediation, and, thus, an award of mediation expenses to Defendant is unwarranted. The request for costs shall be reduced by $750, for a total award of costs in the amount of $4,839.30. For the foregoing reasons, it is hereby

    ORDERED:

    1.    Defendant's Motion to Tax Costs (Doc. 95) is GRANTED IN PART AND DENIED IN PART.

    2.    Defendant is awarded costs in the amount of $4,839.30.

    DONE AND ORDERED in Tampa, Florida, on this 24th day of February, 2022.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record